UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X,
ABDULLAH ALSHALABI,

                Petitioner,

                **MEMORANDUM & ORDER**

-against-

                08 CV 2734 (RJD)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

DEARIE, District Judge.

      Abdullah Alshalabi moves pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence. For the reasons set forth below, the motion is denied and the action is dismissed.

## BACKGROUND

      On or about November 29, 2005, Alshalabi was charged, under a two-count superseding indictment, with conspiracy to distribute and possession with intent to distribute a substance containing MDMA, also known as ecstasy, and with distribution and possession with intent to distribute 500 grams or more of methamphetamine. See 05 CR 350, Docket Entry ("DE") 28. On December 1, 2005, pursuant to a written plea agreement Alshalabi pled guilty to the ecstasy conspiracy. See DE 29 (Minute Entry), DE 34 (Transcript)

      Paragraph 4 of the plea agreement provides that "[Alshalabi] agrees not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 121 months or below" and that "[t]his waiver is binding without regard to the sentencing analysis used by the Court."

      During the plea proceeding, the Court inquired extensively into the voluntariness of

Alshalabi's decision to enter a plea:

| | |
|---|---|
| THE COURT: | If you wish at any time during the proceedings to confer with your attorney, simply ask me and I will give you whatever time you need to talk privately with Ms. David. Do you understand that? |
| ALSHALABI: | Yes. |
| | . . . |
| THE COURT: | [D]o you feel that you've had adequate time to consider your decision to offer this plea of guilty? |
| ALSHALABI: | Yes. |
| | . . . |
| THE COURT: | If you have at any time difficulty understanding the interpreter, once again, don't hesitate to tell me. All right, sir? |
| ALSHALABI: | Yes, sir. |
| | . . . |
| THE COURT: | I have before me a document that bears the caption of this case and the terms plea agreement . . . [n]ow Mr. Alshalabi, has this agreement been carefully read to you by the interpreter? |
| ALSHALABI: | Yes. |
| THE COURT: | Have you had enough time to review this agreement with the interpreter and counsel? |
| ALSHALABI: | Yes. |
| THE COURT: | And have you done just that? |
| ALSHALABI: | Yes. |
| THE COURT: | Do you feel that you understand everything that's contained in the agreement? |
| ALSHALABI: | Yes. |
| THE COURT: | Do you have any questions you would like to put to the Court about anything in the agreement? |
| ALSHALABI: | No. (DE 34 at 3-11) |

2

The Court remarked that while it was "not reviewing every provision" of the agreement during the plea proceeding, it would highlight "one in particular" (DE 34 at 23):

> THE COURT: Paragraph 4 of your plea agreement provides, as I understand it, that you will not in any event appeal your sentence or challenge the conviction, as long as I impose a sentence of 121 months or less. Do you understand that?
>
> ALSHALABI: Yes.
>
> THE COURT: Okay. So, to round out the point, two things would have to happen for you to appeal your sentence. First, I would have to impose a sentence in excess of 121 months and secondly, you would have to assert for specific reasons that in your view and counsel's, that [the] sentence was on its face unreasonable. Do you understand that?
>
> ALSHALABI: Yes. (DE 34 at 24).

Six months after entering his plea, in a motion filed on or about June 6, 2006, Alshalabi sought to withdraw it. DE 38.[1] On July 13, 2006, the Court heard argument on the motion and denied it. DE 42. On August 4, 2006, at sentencing, the Court again denied Alshalabi's request to withdraw his plea, as follows:

> And I want to say that before coming out here again today, I reviewed both the motion, the government's papers in opposition, the transcript of the plea that took place before me, just to make absolutely certain that I am comfortable, as indeed I am, with the ruling I made the last time....I looked in particular at the minutes of the plea for any hint of equivocation, doubt, hesitation, reservation at all . . . and I had found absolutely none.

DE at 5-6. The Court further noted that Alshalabi had "had the benefit of one or two but three

---

[1] Joyce David represented Alshalabi at the time he entered his plea, but on April 20, 2006 Ms. David advised the Court that she had a conflict with Alshalabi. Accordingly, the Court relieved Ms. David that day and appointed Michael Hurwitz (DE 35), who represented Alshalabi on the motion to vacate his plea. Alshalabi supplemented counsel's submission on the motion with two pro se letters. See DE 41, 43.

attorneys," and that, "upon inquiry by th[e] Court in the context of the plea agreement," the Court was satisfied that Alshalabi was "fully committed to his chosen course of action." DE at 6.

The Court then imposed a custodial sentence of 72 months plus three years' supervised release. The sentence reflected a two-level downward departure for Alshalabi's minor role in the conspiracy and was at the low end of the Guideline range of 70 to 87 months.

Alshalabi appealed, arguing that the Court abused its discretion in denying his motion to vacate his guilty plea. In a summary order entered November 1, 2007, the Second Circuit "f[ound]that the district court did not abuse its discretion in denying [Alashabi's] motion," and affirmed the conviction. United States v. Alshalabi, 253 Fed. Appx. 67, 2007 WL 3230760 (2d Cir. Nov. 1, 2007). The Circuit further found that:

> Alashabi's claim of innocence is belied by the unequivocal statements he made on the record concerning his guilt . . . Moreover, prior to accepting Alshalabi's plea, [the district court] asked several times, and in several different ways, whether Alshalabi had adequate time with his attorney, was satisfied with the representation she had provided, and understood the charges to which he was pleading guilty. The district court considered Alshalabi's demeanor, education level, and took great care in confirming the voluntariness of his decision to plead guilty.

Id. 253 Fed. Appx. at 67.

Here, in his section 2255 proceeding, Alshalabi is no longer challenging the validity of his plea but complains only of the length of his sentence. He claims there is an unwarranted disparity between his sentence and the terms of incarceration imposed on certain co-conspirators who were prosecuted in the Eastern District of Kentucky. Each of the four Kentucky co-conspirators pled guilty to one count of conspiracy to distribute pseudoephedrine and one count of traveling in interstate commerce in furtherance of narcotics trafficking. Two of the four

4

received sentences of 40 months; a third, 48 months, and the fourth, 108 months.

The sole relief that Alshalabi seeks in this proceeding is a sentence reduction of between 24 and 36 months.

## DISCUSSION

### A. Justiciability

Alshalabi was in custody at the time he commenced this proceeding and thus satisfied, initially, the jurisdictional "in custody" requirement of the habeas statute. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). On or about August 2, 2010, however, Alshalabi completed the custodial portion of his sentence and is now serving his three-year term of supervised release.[2] The threshold issue, therefore, is one of mootness and justiciability: *i.e.*, whether the completion of the custodial portion of Alshalabi's sentence means that his challenge to the length of that sentence is *no longer* a case or controversy within the meaning of Article III, Section 2 of the United States Constitution.

As the Supreme Court recently reaffirmed, "It is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." United States v. Juvenile Male, __ U.S.__, 131 S. Ct. 2860, 2864 (2011) (internal quotation and citation omitted). "[T]hroughout the litigation," the party seeking relief "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting, Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

In criminal matters, as the Court further explained, "this requirement means that a

---

[2] Alshalabi is a citizen of Yemen, entered this country in 1991 on a tourist visa, and later acquired permanent resident status. Alshalabi likely faces deportation as a result of his drug conviction and reports that on or about August 4, 2011, he was taken into custody by immigration officials.

5

defendant wishing to continue his appeals after the expiration of his sentence must suffer some "continuing injury" or "collateral consequence" sufficient to satisfy Article III," and "[w]hen the defendant challenges his underlying conviction, this Court's cases have long presumed the existence of collateral consequences." Id. Nevertheless, "when a defendant challenges only an expired sentence, no such presumption applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." Id. Accord United States v. Hamdi, 432 F.3d 115 (2d Cir. 2005) (habeas petitioner's "challenge to the length of his completed sentence will not satisfy the justiciability requirement of Article III unless prevailing on [that challenge] would relieve him of some concrete and identifiable collateral effect of that sentence").

As noted, Alshalabi has challenged only the custodial portion of his sentence and not his term of supervised release, and has not himself sought to identify any consequence "traceable to the challenged portion of his sentence and likely to be redressed by a favorable decision." Juvenile Male, 131 S. Ct at 2864.[3] The Court briefly considers, however, whether the supervised release component of Alshalabi's sentence may present circumstances that qualify as the required "ongoing collateral consequence." A series of Second Circuit decisions have explored the question.

In United States v. Blackburn, 461 F.3d 259 (2d Cir. 2006), cert. denied, 550 I/S/ 969 (2007), the Circuit observed that other circuits "ha[d] held that a challenge to a sentence by a criminal defendant who has completed his prison term but remains subject to supervised release

---

[3] The possibility of deportation is not such a consequence, of course, because it is Alshalabi's drug *conviction*, and not the length of his sentence, that affects removability. See generally 8 U.S.C. § 1227.

is not moot" where "there possibility of the district court's reducing the term of supervised release on remand gives the defendant-appellant a continuing stake in the outcome." 461 F.3d at 262. In the case before it, the Blackburn Court concluded that that possibility was "remote and speculative" and declared the appeal moot. Id. A year later, in United States v. Williams, 475 F.3d 468 (2d Cir 2007), cert. denied, 552 U.S. 1105 (2008), the Court concluded that an appellate sentencing challenge was rendered moot upon the defendant's release from prison because he had received the statutory minimum term of supervised release for the crime to which he pled guilty, which meant that there was "no possibility that the district court could impose a reduced term of supervised release [upon a] remand for resentencing." 475 F.3d at 479.

Under these authorities, the Court concludes that Alshalabi's challenge to the custodial portion of his sentence was rendered moot upon his release from prison. Like the defendant in Williams, Alshalabi received the three-year statutory minimum term of supervised release for the crime to which he pled guilty. See 21 U.S.C. §841(b)(1)(C). Thus, even if this Court were to rule favorably on the merits of Alshalabi's challenge to the custodial portion of his sentence, there is no possibility that it could reduce the term of supervised release or otherwise "relieve [Alshalabi] of some concrete and identifiable collateral effect of [his] sentence." Hamdi, 432 F.3d at 118. See also Gomez-Vargas v. United States, 2009 WL 1024241, *3 (S.D.N.Y. Apr. 15, 2009) ("even if the instant [section 2255] petition were to be interpreted to challenge the length of [p]etitioner's supervised release in addition to imprisonment, that challenge likewise is moot [because] [the prisoner] was sentenced to the statutory minimum [term of] supervised release . . . . thus, even if the Court were to re-sentence [him], it would be unable to impose a lesser term of supervised release than that already imposed") (collecting additional authorities).

In sum, the Court concludes that the application for relief under section 2255 must be

dismissed as moot.

**B. Waiver**

Even if Alshalabi's section 2255 motion presented a justiciable controversy, this proceeding is nevertheless barred by the waiver of post-conviction rights contained in Alshalabi's plea agreement.

Under established Second Circuit law, a defendant's waiver, as part of a written plea agreement, of his right to appeal or collaterally challenge a sentence within an agreed upon guideline range is enforceable, provided the waiver and plea were knowing and voluntary. Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (per curiam); United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert. denied, 509 U.S. 931 (1993); United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009). As the Second Circuit has explained, "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement" because "[s]uch a remedy would render the plea bargaining process and the resulting agreement meaningless." Salcido-Contreras, 990 F.2d at 53.

Alshalabi was sentenced well below the ceiling of 121 months set forth in his plea agreement, and he is not even challenging the validity of that agreement in this proceeding. Additionally, this Court has already determined, both at the time Alshalabi pled and again, when Alshalabi moved to vacate his plea, that Alshalabi's decision to enter into a plea agreement with the government was made knowingly and voluntarily, and the Second Circuit has affirmed those findings without qualification. Alshalabi, 253 Fed. Appx. at 67. The waiver of post-conviction rights in that plea agreement, therefore, is binding on Alshalabi and bars this proceeding. See, e.g., Salcido-Contreras, 990 F.3d at 53 (dismissing as barred the appeal of a sentence within the

range agreed upon in the appellate rights waiver); Garcia-Santos, 273 F.3d at 507-09 (same, in section 2255 context).

C.     **Procedural Default**

Even if Alshalabi's claim was justiciable *and* not barred by the waiver in his plea agreement, it would be procedurally barred because Alshalabi appealed but did not raise in that appeal the disparate sentencing claim he seeks to pursue here. It is well established that claims that could have been raised on direct appeal but were not are deemed procedurally defaulted in a subsequent 2255 proceeding. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). Such a claim may be raised only in a section 2255 proceeding only upon a showing of cause for the default and resulting actual prejudice, or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations omitted); Coleman v. Thompson, 501 U.S. 722, 748-50 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986).

The fact that Alshalabi's plea agreement contains a waiver of appellate rights does not constitute cause to excuse his failure to raise his disparate sentencing claim on the appeal that he did take. First, waivers of appellate rights are not enforced in appeals, such as Alshalabi's, that challenge the process by which the waiver was obtained. United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001). Second, even if the appellate waiver had barred Alshalabi's appeal, the Circuit has squarely held that the waiver of direct appeal rights in a plea agreement cannot be considered "cause" to excuse a defaulted 2255 claim. Garcia-Santos, 273 F.3d at 508.

Likewise, Alshalabi has no colorable claim of "actual innocence" sufficient to excuse the default. See Alshalabi, 253 Fed. Appx. at 67 ("Alashabi's claim of innocence is belied by the unequivocal statements he made on the record concerning his guilt").

9

## D. Disparate Sentencing Claim not Cognizable on 2255

Assuming arguendo that Alshalabi's habeas claim (i) was not moot, (ii) not barred by the waiver in Alshalabi's plea agreement, *and* (iii) not procedurally defaulted, he would nevertheless not be entitled to habeas relief. Section 2255 authorizes a federal prisoner to move the Court that sentenced him to vacate or set aside that sentence solely "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose [it], or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief is limited to circumstances in which there was a genuine "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 37, 30 (2d Cir. 2000) (internal quotations omitted).

Alshalabi's disparate sentencing claim does not meet these standards. To be sure, title 18 U.S.C. § 3553(a) directs a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). But the Second Circuit has unequivocally "held that section 3553(a)(6) requires a court to consider *nationwide* sentence disparities but does *not* require a district court to consider disparities among co-defendants." United States v. Frias, 521 F.3d 229, 236 (2d Cir.), cert. denied, 555 U.S. 922 (2008) (emphasis added). See also Ceballos v. United States, 09 CV 5035 (FB), 2010 WL 3189907, *2 (E.D.N.Y. Aug. 9, 2010) (disparate sentence claim barred by plea agreement's wavier of appellate rights and summarily dismissed without attention to the merits). In short, the difference between Alshalabi's sentence and those of his Kentucky co-conspirators does not present a claim cognizable on section 2255. In any event,

10

Alshalabi plainly overlooks the fact that this Court *did* consider his role in the conspiracy when it granted him a two-level "minor role" downward adjustment.

## CONCLUSION

Alshalabi's application for relief under 28 U.S.C. § 2255 does not present a justiciable controversy within the meaning of Article III, Section 2 of the United States Constitution and must be dismissed as moot. Even if the Court could entertain the application for relief under Section 2255 it would still dismiss the proceeding as barred by the waiver of post-conviction rights in Alshalabi's written plea agreement. Because Alshalabi has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Clerk of the Court is directed to close this case.
SO ORDERED.

Dated: Brooklyn, New York
      March 6, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge